**ASTRIUM S.A.S.; Astrium, Ltd., Plaintiffs–Appellants,**

v.

**TRW, INC.; Pilkington Optronics, Inc.; Corning Netoptix; OFC Corporation; Optical Filter Corporation, Defendants–Appellees.**

**Astrium S.A.S., Plaintiff,**

v.

**TRW, Inc., Defendant,**

v.

**Pilkington Optronics, Inc., Third–party–plaintiff–Appellant,**

v.

**Fokker Space B.V.; Dutch Space Holding B.V.; Fokker Space & Systems B.V., Third–party–defendants–Appellees.**

Astrium S.A.S., Plaintiff,

v.

TRW, Inc., Defendant,

v.

Corning Netoptix; Optical Filter Corporation, Third–party–plaintiffs–Appellants,

v.

Fokker Space B.V.; Dutch Space Holding B.V.; Fokker Space & Systems B.V., Third–party–defendants–Appellees.

Astrium S.A.S., Plaintiff,

v.

TRW, Inc., Defendant,

v.

Corning Netoptix; Optical Filter Corporation; Pilkington Optronics, Inc., Third–party–plaintiffs–Appellees,

v.

Fokker Space B.V.; Dutch Space Holding B.V., Third–party–defendants–Appellants.

Nos. 03–55499, 03–56213, 03–56214, 03–56378.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 24, 2006.

Filed Aug. 9, 2006.

Julian Brew, Esq., Kaye, Scholer, LLP, Los Angeles, CA, Steven S. Rosenthal, Esq., Julian Brew, Esq., Kaye, Scholer LLP, Washington, DC, for Plaintiffs–Appellants Astrium S.A.S.; Astrium, Ltd.

William C. Price, Esq., Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP, Los Angeles, CA, James W. Hunt, Esq., Mendez & Mount, Los Angeles, CA, Ronald A. McIntire, Perkins Coie LLP, Santa Monica, CA, John D. Dillow, Esq., Perkins Coie, LLP, Seattle, WA, Diane Westwood Wilson, Esq., Condon & Forsyth, New York, NY, for Defendants–Appellees TRW, Inc.; Pilkington Optronics, Inc.; Corning Netoptix; OFC Corporation; Optical Filter Corporation.

Julian Brew, Esq., Kaye Scholer, LLP, Los Angeles, CA, for Plaintiff Astrium S.A.S.

Steven S. Rosenthal, Esq., Kaye Scholer LLP, Washington, DC, William C. Price, Esq., Quinn, Emanuel, Urquhart, Oliver &

Hedges, LLP, Los Angeles, CA, for Defendant TRW, Inc.

Aghavni V. Kasparian, Esq., Mendes & Mount LLP, Los Angeles, CA, for Third-party–plaintiff–Appellant.

Diane Westwood Wilson, Esq., Kevin R. Sutherland, Esq., Condon & Forsyth LLP, New York, NY, for Third–party–defendants–Appellees.

Ronald A. McIntire, Perkins, Coie LLP, Santa Monica, CA, John D. Dillow, Esq., Perkins, Coie, LLP, Seattle, WA, for Third–party–plaintiffs–Appellees.

Kevin R. Sutherland, Esq., Diane Westwood Wilson, Esq., Condon and Forsyth, LLP, Los Angeles, CA, for Third–party–defendants–Appellants.

### MEMORANDUM *

Astrium, S.A.S. and Astrium, Ltd. (collectively Astrium) appeal the district court's grant of summary judgment on Astrium's tort claims against a number of subcontractors [1] after the alleged failure of solar arrays used to power telecommunications satellites.[2] Pilkington and OFC in turn appeal the summary judgments issued against them in their equitable indemnity actions against Fokker Space & Systems B.V., with whom Astrium contracted for the solar arrays.[3] Fokker appeals the district court's denials of its motions for a good faith settlement order. We affirm.

(1) Astrium claims that the district court erred when it determined that all of Astrium's claims against TRW and OFC were barred by California's economic loss rule. All of those claims relate to goods which passed, in whole or in part, from OFC to Pilkington, to TRW, to Fokker, and, ultimately, to Astrium. It cannot be doubted that Astrium's negligence claims are barred under California law. *See Seely v. White Motor Co.,* 63 Cal.2d 9, 18, 403 P.2d 145, 151, 45 Cal.Rptr. 17, 23 (1965). While not quite as clear, California law also bars Astrium's fraud claims because, even if fraud were shown, there is no showing that people or property were placed at risk or that Astrium was exposed to "personal damages" beyond economic losses. *Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal.4th 979, 993, 102 P.3d 268, 276, 22 Cal.Rptr.3d 352, 362 (2004); *see also id.* at 991 n. 7, 102 P.3d at 274 n. 7, 22 Cal.Rptr.3d at 360 n. 7; *County of Santa Clara v. Atl. Richfield Co.,* 137 Cal. App.4th 292, 328, 40 Cal.Rptr.3d 313, 344 (2006). That being so, any claim for the intermediate tort of negligent misrepresentation is also barred.

Therefore, the district court did not err when it granted summary judgment

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Those are TRW, Inc.; and Corning Netoptix, Inc., Optical Filter Corporation and OFC Corp. (collectively OFC). Astrium also brought its action against Pilkington Optronics, Inc., but that was settled.

2. *See Astrium, S.A.S. v. TRW, Inc.,* 254 F.Supp.2d 1129 (C.D.Cal.2003).

3. Fokker subcontracted to TRW, which issued a subcontract to Pilkington, which issued a subcontract to OFC.

against Astrium. As OFC agrees, this also moots OFC's appeal of the summary judgment against it on its cross claims against Fokker.

(2) Pilkington argues that the district court erred when it granted summary judgment on Pilkington's cross claims for equitable indemnity against Fokker. Pilkington asserts that the choice of law provided for in the contracts between Astrium and Fokker—French law—should apply here because the issue on a claim for equitable indemnity revolves around Fokker's liability to Astrium. That may well be correct,[4] but it makes no difference. If California law applies, the economic loss rule would bar any tort claim by Astrium against Fokker, just as it bars any tort claim by Astrium against Pilkington. If French law applies, it, too, would bar any negligence or negligent misrepresentation claim by Astrium against Fokker.[5] As to Pilkington's assertion of possible fraud by Fokker against Astrium, on this record the district court correctly noted that the evidence would not support that claim.[6]

Thus, we affirm the district court.[7]

AFFIRMED. TRW and OFC shall recover their costs in responding to Astrium's appeal (No. 03–55499). Fokker shall recover its costs in responding to the appeals of Pilkington and OFC (No. 03–56213 and No. 03–56214). No party shall recover costs in Fokker's appeal (No. 03–56378).

---

**4.** See GEM Developers v. Hallcraft Homes of San Diego, Inc., 213 Cal.App.3d 419, 429, 261 Cal.Rptr. 626, 631 (1989).

**5.** The declarations of Fokker's French law expert make that clear. See Fed.R.Civ.P. 44.1 (determination of foreign law).

**6.** The district court did not abuse its discretion when it denied Pilkington's request for further discovery. Pilkington never did present proper support for additional discovery. See Bank of Am., NT & SA v. PENGWIN, 175 F.3d 1109, 1118 (9th Cir.1999); Brae Transp.,

Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986).

**7.** As Fokker agrees, its appeal regarding the good faith settlement denial is moot in light of our resolution of Pilkington's appeal.

